David Kusneiz, J.
This is an article 78 proceeding to review a decision of the State Bent Commission which determined that petitioner’s establishment in the City of Long Beach is a rooming house and not a hotel, and thus is subject to rent control.
In making reference to the State Besidential Bent Law (L. 1946, ch. 274, as amd.), this court has used the numbering system adopted in McKinney’s Unconsolidated Laws (McKinney’s Cons. Laws of N. Y., Book 65, pt. 2) where the current enactments are collected in one place, rather than by reference to the 'Session Laws of each year which have amended this law many many times since it was first enacted in 1946.
In a previous article 78 proceeding in this same matter, the case was remanded to the commission by an order of this court dated September 4, 1958: “ for the purpose of rendering a new decision by September 25, 1958 with express findings on the *1083 question ‘ Were these premises commonly regarded as a hotel in the community in which it is located as defined in Section 2 (2)-b of the Emergency Housing and Rent Act before March 1, 1950V”
As indicated in the opinion, this was done on the theory that the March 1, 1950 date was crucial in reaching a determination as to the present classification of petitioner’s property.
Apparently this conclusion was reached in the following manner. Section 8582 (subd. 2, par. [b]) of chapter 4 of title 23 of McKinney’s Unconsolidated Laws entitled Emergency Housing Rent Control Law deals with Definitions. It is identical with section 2 (subd. 2, par. [b]) of the State Residential Rent Law cited above and excludes from control ‘ ‘ housing accommodations in any establishment commonly regarded as a hotel in the community in which it is located and which customarily provides hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service It will be observed that there is no mention here of any deadline date, but in section 3, entitled Additional Definitions, of the State Rent and Eviction Regulations, adopted by the commission pursuant to law, and which became effective March 15, 1951, at ■subdivision 7 we find “Hotel” defined as: “Any establishment which on March 1, 1950 was commonly known as a hotel and in which at least an appreciable number of its occupants were provided with customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service, or which services were available with or without extra cost. ”
However, in an amendment to this particular regulation which took effect June 30, 1955 “Hotel” was redefined as: “Any establishment which complies with the requirements for hotels of the public authorities having jurisdiction over such establishments, and which on March 1, 1950 was and still is commonly known as a hotel and in which at least an appreciable number of its occupants were and still are provided with customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and, upkeep of furniture and fixtures, and bellboy service, or which services were and still are available with or without cost.” (Emphasis added.)
In view of this amendment and its requirement that the hotel use be a continuing use, I do not regard the March 1, 1950 date *1084 as crucial in the sense that the method of operation on that date is finally determinative of the issue.
For this reason I am not disposed to send the matter back to the commission again, although I think it was well within the terms of the original remand for them to have taken proof on the question referred to them and to request additional time for that purpose if they needed it, none of which they did.
The record in this case clearly shows that on March 1, 1950 the Bayview Hotel was between seasons and was not being operated at all, and although the order of reference used the expression “before March 1, 1950,” the applicable regulation both before and after the amendment stated “ on March 1,1950.”
Even if we were to accept the proposition that the petitioner’s premises were a bona fide hotel on the freeze date, the evidence is abundantly clear that it has not been operated as such since its reopening in 1953 as a rooming house on a year-around basis after the petitioner caused heat to be installed.
Certainly it cannot be said that the commission was arbitrary and capricious in reaching the conclusion which it did, and that is what must be found in order for this court to upset the ruling (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1).
Petitioner vigorously objects to the commission’s “concession ” that he was originally exempt as a summer hotel under subdivision 3 of section 10 of the regulations as a means for bringing him within rent control now that he has converted to year-round operation, and his objection perhaps would be well taken if he were otherwise exempt and hence did not wish to cope with this unwanted “concession.” However, where his exemption falls down on the other grounds, the concession is harmless and need not generate as much heat as it apparently has.
Application denied. Short-form order signed.